## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

EVANSTON INSURANCE COMPANY, AS
SUCCESSOR BY MERGER TO ESSEX
INSURANCE COMPANY,

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

  *Plaintiff,*

V.

MCCLELLAN-VICK CONSULTING, INC.,

  *Defendant.*

CIVIL ACTION NO. _____

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

  Evanston Insurance Company ("Evanston"), as successor by merger to Essex Insurance Company ("Essex"), brings this Complaint against McClellan-Vick Consulting, Inc. ("McClellan-Vick") and avers that:

  (1)  This is an action for a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202 for the purpose of determining questions of actual and immediate controversy between the parties and an action for injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure.

  (2)  Evanston (as successor by merger to Essex) seeks a declaratory judgment that, in respect of an underlying state court lawsuit arising from a motor vehicle accident on State Road 537 in Rio Arriba County, New Mexico in August 2013 ("the Underlying Lawsuit"), McClellan-Vick is precluded from asserting or pursuing a (proposed) third-party demand against Essex (now Evanston) in the Underlying Lawsuit.

(3)     More specifically, Evanston (as successor by merger to Essex) seeks a declaratory judgment that the claims asserted in McClellan-Vick's (proposed) third-party demand in the Underlying Lawsuit are barred by the doctrines of *res judicata* and collateral estoppel, the applicability of Rules 12(b) and 13(a) of the Federal Rules of Civil Procedure to a prior declaratory judgment action between the parties in this Court ("the Prior Declaratory Judgment Action") and the related issues of claim preclusion and issue preclusion.

(4)     For these same reasons, Evanston (as successor by merger to Essex) also seeks a preliminary and final injunction, consistent with the scope of the Relitigation Exception to the Anti-Injunction Act, 28 U.S.C §2283 (the "AIA"), restraining, prohibiting, and enjoining McClellan-Vick, as well as its attorneys and agents, from prosecuting any action in any other court or adjudicative body regarding the rights and liabilities of the parties to this action under an insurance policy issued by Essex (now Evanston) to McClellan-Vick ("the Essex Policy"), including but not limited to the (proposed) third-party demand against Essex (now Evanston) in the Underlying Lawsuit.

(5)     In the alternative only, Evanston (as successor by merger to Essex) seeks a declaration that, in respect of the Underlying Lawsuit, Evanston (as successor by merger to Essex) does not have a duty to:

(a)     defend McClellan-Vick under the Essex Policy, including but not limited to the Environmental Professional Liability ("EPL") section of said policy; and/or

(b)     pay any sums that McClellan-Vick may be legally obligated to pay under the Essex Policy, including but not limited to the EPL section of said policy.

(6)     In the further alternative only, Evanston (as successor by merger) seeks a declaration that it is not liable to McClellan-Vick for extra-contractual damages, as alleged by McClellan-Vick in the (proposed) third-party demand by McClellan-Vick in the Underlying Lawsuit.

## JURISDICTION AND VENUE

(7)     Essex was an insurance company incorporated in the State of Delaware with its principal place of business in Glenn Allen, Virginia.   Essex was an approved surplus lines insurer in the State of New Mexico.   Evanston is a domestic surplus lines carrier in the State of Illinois and an approved surplus lines insurer in the State of New Mexico.   Effective June 30, 2016, Essex was merged into Evanston with Evanston being the surviving entity.

(8)     McClellan-Vick is a business incorporated in the State of New Mexico and has its principal place of business in Farmington, New Mexico.   McClellan-Vick can be served with process through its registered agent, Greg Vick, at 300 Sunrise Parkway, Farmington, NM 87401.

(9)     The amount in controversy exceeds $75,000, exclusive of interest and costs. Complete diversity exists between Evanston, on the one hand, and McClellan-Vick, on the other hand, as Evanston is an Illinois based insurance company, while McClellan-Vick is a New Mexico business entity and a New Mexico legal entity.   This Court therefore has subject matter jurisdiction pursuant to 28 U.S.C. §1332.

(10)     Venue is proper in this district under 28 U.S.C. §1391(b) because, *inter alia*, the underlying motor vehicle accident took place in this district and McClellan-Vick resides in this district.

4852-3777-4649, v. 1

(11)    This action involves a case or controversy because Evanston (as successor by merger to Essex) seeks a declaration (and related injunctive relief) that McClellan-Vick is precluded from asserting a (proposed) third-party demand against Essex (now Evanston) in the Underlying Lawsuit.  In the alternative only, Evanston (as successor by merger to Essex) seeks a declaration concerning its obligations and alleged liabilities to McClellan-Vick, if any, under or in connection with the EPL section of the Essex Policy, in respect of claims by third parties against McClellan-Vick in the Underlying Lawsuit.

### THE UNDERLYING LAWSUIT

(12)    On or about April 4, 2014, Tony Ortiz, as Personal Representative of the Estate of Pedro Mendoza, and Elda Mendoza Ortega, filed the Underlying Lawsuit in Santa Fe County, New Mexico against McClellan-Vick (and others) to recover damages arising from an August 6, 2013 motor vehicle accident that occurred in Rio Arriba County, New Mexico.

(13)    In the Underlying Lawsuit, the Plaintiffs allege the following in relevant part:

- McClellan-Vick was performing consulting services for a well owner, Energen, which included a McClellan-Vick employee (Judson Valdez) supervising work and operations at the well site.

- Pedro Mendoza ("Mendoza") was an employee of Professional Well Services ("PWS"), another contractor hired by the well owner.

- On or about August 6, 2013, Valdez instructed Mendoza to drive a modified vehicle from one well location to another, despite the fact that Mendoza did not have a CDL or any formal commercial driver training.

- The vehicle that Valdez allegedly instructed Mendoza to operate had allegedly been loaded with approximately 17,000 pounds of water in that vehicle's water tank, even though the allegedly modified water tank allegedly did not

4

have an anti-sloshing mechanism to stabilize the water during transport.

- While Mendoza was operating the vehicle, allegedly at Valdez' instruction, Mendoza lost control of the vehicle, causing the vehicle to roll.  Mendoza was ejected and killed.

## THE PRIOR DECLARATORY JUDGMENT ACTION

(14)    On April 10, 2015, Essex (now Evanston) commenced a Complaint for Declaratory Relief against McClellan-Vick bearing Civil Action No. 1:15-cv-00289 on the docket of this Court in the District of New Mexico.

(15)    In the Prior Declaratory Judgment Action, Essex sought "a declaration that, in respect of an underlying lawsuit arising from a motor vehicle accident on State Road 537 in Rio Arriba County, New Mexico in August 2013, Essex does not have a duty to:

(A)    defend McClellan-Vick ... against this lawsuit under a policy of insurance Essex issued to McClellan-Vick; and/or

(B)    pay any sums that McClellan-Vick ... may be legally obligated to pay as damages in connection with this lawsuit under the insurance policy Essex issued to McClellan-Vick."

(16)    In the Prior Declaratory Judgment Action, Essex specifically placed the Essex Policy (No. BEP00043) at issue and requested the following:

"(A)    That this Court determine and adjudicate the rights and liabilities of the parties under the primary liability insurance policy at issue in respect of the underlying claims asserted against McClellan-Vick ... in the Underlying Lawsuit that arise from an August 2013 motor vehicle accident in Rio Arriba County, New Mexico;

(B)    That this Court find and declare that Essex has no duty to defend McClellan-Vick ... against the claims made against [it] in respect of the August 2013 motor vehicle accident in Rio Arriba County, New Mexico, or to pay

McClellan-Vick … any sums that McClellan-Vick … may be legally obligated to pay in respect of said claims, under the Essex insurance policy at issue;

(C)   That McClellan-Vick … as well as [its] attorneys and agents, be restrained and prohibited from prosecuting any action in any other court, in respect of this cause upon the Essex insurance policy at issue; and

(D)   That the Court grant such other and further relief as it may deem just and proper, including the attorneys' fees, costs and disbursements incurred by Essex in [the Prior Declaratory Judgment Action]".

(17)   On June 8, 2015, McClellan-Vick filed a Motion to Dismiss or Stay the Prior Declaratory Judgment Action, arguing that Essex (now Evanston) had engaged in "forum shopping" and that this Court should abstain from exercising jurisdiction over the Prior Declaratory Judgment Action in deference to the Underlying Lawsuit.

(18)   This Court denied McClellan-Vick's Motion to Dismiss or Stay the Prior Declaratory Judgment Action on September 23, 2015.

(19)   Following this Court's denial of McClellan-Vick's Motion to Dismiss or Stay the Prior Declaratory Judgment Action, McClellan-Vick filed an Answer in the Prior Declaratory Judgment Action.  In its Answer, McClellan Vick pled the following affirmative defense, among others:

"Plaintiff's claims are barred by the terms and conditions of the subject insurance policy or policies issued by Essex and by contractual agreement to defend and indemnify [McClellan-Vick]."

(20)   Essex (now Evanston) filed a Motion for Summary Judgment in the Prior Declaratory Judgment Action on June 1, 2016.  McClellan-Vick opposed the Motion for Summary Judgment, on the merits, on June 15, 2016.

6

(21)     On August 25, 2016, this Court granted the Motion for Summary Judgment.  In its Order Granting Plaintiff's Motion For Summary Judgment ("Order"), this Court identified the Prior Declaratory Judgment Action as "a dispute between the parties regarding whether Essex … is required to defend McClellan-Vick … in connection with the New Mexico state court action entitled *Tony F. Ortiz, as personal representative of the Estate of Pedro Mendoza, and Elda Mendoza-Ortega v. Energen Resources Corporation, et al*, Case No. D-101-CV-2014-00831." *See*, Order dated August 25, 2016, attached as Exhibit 1, at p. 1.  This Court further recognized that "Essex filed this suit seeking a declaratory judgment that, under the terms of [McClellan-Vick's] insurance policy, Essex owes no obligations to … [McClellan-Vick] … relating to the Underlying Litigation." *Id.* at 2.  In addition, this Court further noted that: "Essex seeks a declaration that it has no contractual obligation, under the insurance policy provided, to defend [McClellan-Vick] in the Underlying Litigation or to pay any sums that [McClellan-Vick] may be legally obligated to pay as damages in connection with the Underlying Litigation [and for the reasons cited] finds that Essex is entitled to such a declaration on summary judgment." *Id.* at pp. 13-14.  And ultimately, this Court expressly ruled that "Essex has no duty to defend or indemnify [McClellan-Vick] … in relation to the Underlying Litigation." *Id.* at 24.

(22)     Pursuant to a corresponding Final Order of the same date as the Order, this Court declared that Essex (now Evanston) "is not required to defend or indemnify [McClellan-Vick] in connection with the New Mexico state court action entitled *Tony F. Ortiz, as personal representative of the Estate of Pedro Mendoza, and Elda Mendoza-Ortega v. Energen Resources Corporation, et al*, Case No. D-101-CV-2014-00831."  *See*, Final Order, attached as Exhibit 2 hereto.

(23)   On September 21, 2016, McClellan-Vick filed a Notice of Appeal from this Court's September 23, 2015 Order Denying its Motion to Dismiss or Stay the Prior Declaratory Judgment Action; the August 25, 2016 Order granting the Motion for Summary Judgment; and this Court's corresponding Final Order in the Prior Declaratory Judgment Action of the same date.

### MCCLELLAN-VICK'S (PROPOSED)
### THIRD-PARTY DEMAND AGAINST ESSEX
### (NOW EVANSTON) IN THE UNDERLYING LAWSUIT

(24)   Four (4) days after this Court's August 25, 2016 Order and Final Order in the Prior Declaratory Judgment Action, McClellan-Vick filed a motion in the Underlying Lawsuit seeking leave to file a (proposed) third-party demand against Essex (now Evanston), attached as Exhibit 3 hereto.   In its (proposed) third-party demand in the Underlying Lawsuit, McClellan-Vick seeks an affirmation of coverage for its alleged liability in the Underlying Lawsuit under the EPL section of the Essex Policy, as well as extra-contractual damages from Essex (now Evanston) for Essex's alleged bad faith in pursuing and securing a determination of no coverage (defense or indemnity) under the Essex Policy in the Prior Declaratory Judgment Action.

(25)   An Order granting McClellan-Vick leave to file its (proposed) third-party demand against Essex (now Evanston) in the Underlying Lawsuit has not yet been entered.

8

I.    **FIRST CAUSE OF ACTION FOR A DECLARATION THAT THE CLAIMS ASSERTED BY MCCLELLAN-VICK IN THE (PROPOSED) THIRD-PARTY DEMAND AGAINST ESSEX (NOW EVANSTON) IN THE UNDERLYING LAWSUIT ARE BARRED BY THE DOCTRINES OF RES JUDICATA, COLLATERAL ESTOPPEL, CLAIM PRECLUSION AND/OR ISSUE PRECLUSION, AND MUST BE DISMISSED**

(26)    Evanston (as successor by merger to Essex) re-alleges and reiterates each and every allegation contained in the foregoing numbered paragraphs as though set forth fully herein.

(27)    The doctrine of *res judicata*, which bars a party from litigating a claim on which final judgment has been entered, directly applies to McClellan-Vick's current attempt to re-litigate a matter already decided by this Court.  In the Prior Declaratory Judgment Action, Essex (now Evanston) sought a declaration of the rights and obligations of Essex and McClellan-Vick, in connection with the Underlying Lawsuit, under the Essex Policy.  In that Prior Declaratory Judgment Action, Essex (now Evanston) claimed that, under the Essex Policy, it did not have a duty to defend McClellan-Vick or to pay any sums that McClellan-Vick may be legally obligated to pay as damages and sought a declaratory judgment to that effect.

(28)    McClellan-Vick answered the Prior Declaratory Judgment Action, denied the request for declaratory relief sought by Essex (now Evanston), and pled affirmative defenses, including a defense that the claims of Essex (now Evanston) are barred by the terms and conditions of the Essex Policy and by a contractual agreement therein to defend and indemnify McClellan-Vick against the Underlying Lawsuit.

(29)    This Court ultimately disagreed with McClellan-Vick and issued a Final Order that Essex is not required to defend or indemnify McClellan-Vick under the Essex Policy in connection with the Underlying Lawsuit.

9

(30)    Within days of this Court rendering its Final Order, however, McClellan-Vick sought to file a (proposed) third-party demand in the Underlying Lawsuit seeking the very relief which was denied in the Prior Declaratory Judgment Action - namely a finding of coverage for McClellan-Vick's alleged liability in the Underlying Lawsuit under the Essex Policy.

(31)    The doctrine of *res judicata* (and the related doctrines of collateral estoppel, claim preclusion and/or issue preclusion) apply because the Prior Declaratory Judgment Action and McClellan-Vick's (proposed) third-party demand concern the same transaction and occurrence, the same parties, the same subject matter, and the same contractual claim (*i.e.*, whether the Essex Policy provides coverage for McClellan-Vick's alleged liability in the Underlying Litigation).

(32)    McClellan-Vick had a full and fair opportunity, in the Prior Declaratory Judgment Action, to litigate any and all issues related to the question of whether the Essex Policy obligates Essex (now Evanston) to defend or indemnify McClellan-Vick against the Underlying Lawsuit. This Court made a final decision on the merits in the Prior Declaratory Judgment Action, however, and as such McClellan-Vick is not entitled to re-litigate the issue of coverage under the Essex Policy after receiving an unfavorable decision on that subject from this Court.

(33)    Accordingly, Evanston (as successor by merger to Essex) is entitled to a declaration that, as a matter of law, the claims asserted in McClellan-Vick's (proposed) third-party demand in the Underlying Lawsuit are barred by doctrines of *res judicata*, collateral estoppel, claim preclusion and/or issue preclusion, and that McClellan-Vick cannot re-litigate the Final Order in the Prior Declaratory Judgment Action by pursuing the claims raised in the (proposed) third-party demand against Essex (now Evanston) in the Underlying Lawsuit.

4852-3777-4649, v. 1

II.   **SECOND   CAUSE   OF   ACTION   FOR   AN   ORDER   ENJOINING MCCLELLAN-VICK FROM PURSUING THE (PROPOSED) THIRD-PARTY DEMAND AGAINST ESSEX (NOW EVANSTON) IN THE UNDERLYING LAWSUIT**

(34)   Evanston re-alleges and reiterates each and every allegation contained in the foregoing numbered paragraphs as though set forth fully herein.

(35)   Evanston (as successor by merger to Essex) is entitled to a preliminary and final injunction restraining, consistent with the scope of the Relitigation Exception to the AIA, prohibiting, and enjoining McClellan-Vick, as well as its attorneys and agents, from prosecuting any action in any other court or adjudicative body regarding the rights and liabilities of the parties to this action under the Essex Policy in connection with the Underlying Lawsuit, including but not limited to pursuing its (proposed) third-party demand against Essex (now Evanston) in the Underlying Lawsuit.

(36)   This Court has the power to defend its judgment as *res judicata*, including the power to enjoin or stay subsequent state court proceedings.  Under the AIA, a court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or *to protect or effectuate its judgments*.  28 U.S.C. §2283 (emphasis added).  If one of these statutory exceptions applies, a federal court is affirmatively authorized to enjoin a state proceeding pursuant to the All-Writs Act, 28 U.S.C. §1651(a), which provides that the federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

(37)   The third and final exception of the AIA, which empowers a federal court to enjoin a state proceeding in order to protect or effectuate its judgments and is commonly referred

to as the "Relitigation Exception," was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by a federal court. This exception is founded in the well-recognized concepts of *res judicata* and collateral estoppel and rests on the idea that federal courts should not be forced to rely on state court application of res judicata or estoppel principles to protect federal court judgments and decrees.

(38)   The Relitigation Exception permits an injunction where, as here, a state proceeding raises a claim that was previously litigated before and decided by a federal court. The Exception authorizes an injunction when the proponent of the state court action can only win the state court action by convincing the state court that the prior federal judgment was rendered in error.

(39)   Here, the requirements of the Relitigation Exception are satisfied. This Court issued a Final Order in the Prior Declaratory Judgment Action, which sought a declaration that, under the terms of the Essex Policy, Essex (now Evanston) owes no obligations to McClellan-Vick relating to the Underlying Lawsuit. This Court found that Essex was entitled to a declaration, on summary judgment, that it has no such contractual obligation under the Essex Policy.

(40)   Now, however, McClellan-Vick seeks to pursue a (proposed) third-party demand in the Underlying Lawsuit which, if successful, would result in a judgment contrary to this Court's Order and Final Order in the Prior Declaratory Judgment Action. McClellan-Vick wants the state court to rule that the Essex Policy does require Essex (now Evanston) to defend and indemnify McClellan-Vick against the Underlying Lawsuit - the exact subject matter this Court has already adjudicated.

(41)   This Court issued a Final Order declaring that Essex (now Evanston) is not required to defend or indemnify McClellan-Vick in connection with the New Mexico state court action entitled *Tony F. Ortiz, as personal representative of the Estate of Pedro Mendoza, and Elda Mendoza Ortega v. Energen Resources Corporation, et al*, Case No. D-101-CV-2014-00831.  McClellan-Vick can only win its (proposed) third-party demand in the Underlying Lawsuit by convincing the state court that this Court's prior judgment declaring that Essex (now Evanston) is not required to defend or indemnify McClellan-Vick in connection with the Underlying Lawsuit was rendered in error and that, notwithstanding this Court's ruling to the contrary, Essex (now Evanston) is required to defend or indemnify McClellan-Vick in connection with the Underlying Litigation.

(42)   Under these facts, the requested injunction is justified, and Essex (now Evanston) will be irreparably harmed without the requested injunctive relief.

(43)   Accordingly, Evanston (as successor by merger to Essex) is entitled to an Order enjoining McClellan-Vick from pursuing the claims asserted by McClellan-Vick in the (proposed) third-party demand against Essex (now Evanston) in the Underlying Lawsuit and from prosecuting any action in any other court or adjudicative body regarding the rights and liabilities of the parties to this action in connection with the Underlying Lawsuit under the Essex Policy.

4852-3777-4649, v. 1

III.   **THIRD CAUSE OF ACTION FOR DECLARATORY RELIEF RELATIVE TO THE DUTIES OF ESSEX (NOW EVANSTON), IF ANY, TO DEFEND AND/OR INDEMNIFY MCCLELLAN-VICK UNDER THE EPL SECTION OF THE ESSEX POLICY**

**(PLEADED IN THE ALTERNATIVE ONLY)**

(44)   Evanston (as successor by merger to Essex) re-alleges and reiterates each and every allegation contained in the foregoing numbered paragraphs as though set forth fully herein.

(45)   In the alternative, and only in the event that Evanston (as successor by merger to Essex) does not prevail on the aforestated First and/or Second Causes of Action, Evanston (as successor by merger to Essex) seeks a judgment declaring the respective rights and duties of Evanston (as successor by merger to Essex) and McClellan-Vick relative to an actual controversy between Evanston (as successor by merger to Essex), on the one hand, and McClellan-Vick, on the other hand, regarding the construction and application of the Essex Policy's EPL Coverage Part.

(46)   Pursuant to the grant of coverage in the EPL section of the Essex Policy, Evanston (as successor by merger to Essex) only agreed to "pay those sums that the insured becomes legally obligated to pay as damages because of 'claims' that result from the rendering or failure to render "professional services" for others…."

(47)   The term "professional services" is defined by the Essex Policy to mean "those functions performed for others by you or on your behalf for a fee that are related to your practice as a consultant, engineer, architect, surveyor, laboratory, project or construction manager and as disclosed on the application or specifically endorsed hereon to this Coverage Form, including but not limited to the preparation or approval of maps, drawings, opinions, reports, surveys, designs, specifications or engineering services."

14

(48)   The act for which McClellan-Vick is allegedly liable to the claimants in the Underlying Lawsuit -- Valdez instructing Mendoza to drive a modified vehicle from one well location to another -- does not qualify as a "professional service" as that term is defined by the Essex Policy.  As a consequence, the grant of EPL coverage in the Essex Policy is not potentially triggered by the allegations in the Underlying Lawsuit.

(49)   In addition, even if coverage were potentially triggered under the EPL section of the Essex Policy by the allegations of the Underlying Lawsuit (which is not the case), the EPL section of the Essex Policy is subject to a Specified Services and Operations Exclusion. Pursuant to this exclusion, there is no coverage for "any injury, 'claim,' 'loss' or damage arising directly or indirectly out … [a]ny actual or alleged direction, instruction, oversight, supervision, or control of any activities by or on behalf of an 'oil and gas consultant.'"

(50)   The term 'oil and gas consultant' is defined by the Essex Policy to mean "[a] well-site consultant who has entered into a written contract or agreement relating to the performance of consulting services for an 'oil and gas industry' client or clients."

(51)   Since the act for which McClellan-Vick is allegedly liable to the claimants in the Underlying Lawsuit qualifies as "direction" or "instruction" of an activity by or on behalf of McClellan-Vick, an "oil and gas consultant," the Specified Services and Operations exclusion applies to preclude coverage under the EPL section of the Essex Policy.

(52)   Accordingly, there is no potential of coverage under the EPL Coverage Part or any other part of the Essex Policy for the allegations against McClellan-Vick in the Underlying Lawsuit, as a consequence of which Evanston (as successor by merger to Essex) does not have a duty to defend McClellan-Vick against the claims asserted in the Underlying Lawsuit, or to pay

4852-3777-4649, v. 1

any sums McClellan-Vick may be legally obligated to pay in connection with the Underlying

Lawsuit, under the Essex Policy.

## IV.   FOURTH CAUSE OF ACTION FOR DECLARATORY RELIEF RELATIVE TO THE ALLEGED LIABILITY OF ESSEX (NOW EVANSTON) TO MCCLELLAN-VICK FOR EXTRA-CONTRACTUAL DAMAGES

### (PLEADED IN THE ALTERNATIVE ONLY)

(53)     Evanston (as successor by merger to Essex) re-alleges and reiterates each and

every allegation contained in the foregoing numbered paragraphs as though set forth fully herein.

(54)     In the alternative, and only in the event that Evanston (as successor by merger to

Essex) does not prevail on the aforestated First and/or Second Causes of Action, Evanston also

seeks a judgment declaring the respective rights and obligations of McClellan-Vick and

Evanston (as successor by merger to Essex) relative to an actual controversy between Evanston

(as successor by merger to Essex), on the one hand, and McClellan-Vick, on the other hand,

regarding the liability of Evanston (as successor by merger to Essex) to McClellan-Vick for

extra-contractual damages, as alleged by McClellan-Vick in the (proposed) third-party demand

in the Underlying Lawsuit.

(55)     Evanston (as successor by merger to Essex) seeks a judgment declaring that it did

not engage in bad faith, and specifically did not refuse to pay a claim of the policyholder for

reasons which are frivolous or unfounded, did not act unreasonably under the circumstances in

relation to a timely and fair investigation and evaluation of a claim, did not unreasonably delay

notification of the denial of a claim, did not act in bad faith in refusing to defend claims, and is

not liable for compensatory damages, punitive damages, attorney's fees or costs.

(56)     Evanston (as successor by merger to Essex) seeks a judgment declaring that it did not act in violation of the New Mexico Insurance Code and the common law, and is not liable for compensatory damages, attorney's fees or costs, in that it specifically did not:

a.     misrepresent the benefits, conditions and terms of the policy, or make a statement which was untrue, deceptive, or misleading as to policy coverage or potential exclusions, contrary to NMSA 1978, Section 59A-16-4;

b.     knowingly misrepresent pertinent facts or policy provisions relating to coverage at issue, contrary to NMSA 1978, Section 59A-16-20;

c.     knowingly fail to affirm or deny coverage of a claim of an insured within a reasonable time after proof of loss requirements have been completed and submitted, contrary to NMSA 1978, Section 59A-16-20(D);

d.     knowingly fail to promptly provide an insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim, contrary to NMSA 1978, Section 59A-16-20(N).

WHEREFORE, Evanston (as successor by merger to Essex) respectfully requests that:

(A)     This Court enter an Order declaring that McClellan-Vick is precluded from pursuing a (proposed) third-party demand against Essex (now Evanston) in the Underlying Lawsuit and that the claims asserted in the (proposed) third-party demand are barred by the doctrines of *res judicata*, collateral estoppel, claim preclusion and/or issue preclusion;

(B)     This Court enter an Order enjoining McClellan-Vick from pursuing the (proposed) third-party demand against Essex (now Evanston) in the Underlying Lawsuit;

4852-3777-4649, v. 1

(C)     In the alternative only, that this Court determine and adjudicate the rights and liabilities of the parties to this action under the EPL section of the Essex Policy at issue in respect of the underlying claims asserted against McClellan-Vick in the Underlying Lawsuit that arise from an August 2013 motor vehicle accident in Rio Arriba County, New Mexico;

(D)     In the further alternative only, that this Court find and declare that Evanston (as successor by merger to Essex) is not liable to McClellan-Vick for extra-contractual damages, as alleged by McClellan-Vick in the (proposed) third-party demand in the Underlying Lawsuit;

(E)     McClellan-Vick, as well as their attorneys and agents, be restrained and prohibited from prosecuting any action in any other court, including the Underlying Lawsuit, in respect of this cause upon the Essex Policy at issue; and

(F)     The Court grant such other and further relief as it may deem just and proper, including the attorneys' fees, costs and disbursements incurred by Evanston in this action.

4852-3777-4649, v. 1

Submitted by:

KELEHER & McLEOD, P.A.

By:   */s/ Ann Maloney Conway*
Ann Maloney Conway
Thomas C. Bird
PO Box AA
Albuquerque, NM 87103
(505) 346-4646
Fax (505) 346-1370
amc@keleher-law.com
tcb@keleher-law.com

PHELPS DUNBAR, LLP

Stephen P. Hall, LA Bar #01934
365 Canal Street, Suite 2000
New Orleans, LA  70130
(504) 566-1311
Fax (504) 568-9130
halls@phelps.com

*Attorneys for Plaintiff, Evanston Insurance Company, as Successor by Merger to Essex Insurance Company*

4852-3777-4649, v. 1

19